**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION as Plan Administrator for the FAIRWAY INDEPENDENT MORTGAGE CORPORATION MEDICAL PLAN,<br><br>Plaintiff,<br><br>v.<br><br>ERIC JUNGNICKEL, ERIC JUNGNICKEL, AS TRUSTEE OF THE ERIC JUNGNICKEL TRUST AGREEMENT DATED SEPTEMBER 20, 2022,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case # 23-CV-5139 |

**PLAINTIFF'S MOTION FOR JUDGMENT AGAINST ERIC JUNGNICKEL, PERSONALLY, AND ERIC JUNGNICKEL, AS TRUSTEE OF THE ERIC JUNGNICKEL TRUST AGREEMENT DATED SEPTEMBER 20, 2022**

NOW COMES the Plaintiff, Fairway Independent Mortgage Corporation as plan administrator for The Fairway Independent Mortgage Corporation Medical Plan, by and through its attorneys Kolb Clare & Arnold PC, and moves this Court for an order of judgment against Eric Jungnickel, personally, and Eric Jungnickel, as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022 (collectively "Jungnickel"), pursuant to F.R.C.P. 12(c) and 55(b)(2). In support of said motion, Plaintiff states as follows:

1. Plaintiff filed this action for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to remedy violations of the subject ERISA plan terms by Jungnickel. The First Amended Complaint sought such relief which included declaratory relief, injunctive relief, constructive trust,

1

equitable lien, and equitable surcharge. ( A copy of the First Amended Complaint was filed under Docket #13)  Such relief was requested, as material here, against Eric Jungnickel, individually, and Eric Jungnickel as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022.

2. The applicable terms of the subject Erisa plan were included in the First Amended Complaint at paragraph #9 at Docket #13, and at Exhibit A of Docket #13.

3. As stated at paragraph #12 of the First Amended Complaint, in 2020, Eric Jungnickel sustained injuries due to the negligence of a liable third party(s).

4. As stated at paragraph #13 of the First Amended Complaint, Plaintiff paid medical expenses of approximately $178,750.85 on behalf of Jungnickel for treatment of injuries he sustained as a result of the negligent third party's acts/omissions.

5. As stated at paragraph #14 of the First Amendment complaint, Plaintiff paid the benefits reference in the paragraph above, and Jungnickel accepted them under the condition that he reimburse the Plan to the extent of benefits paid, from the specific funds or res he obtained from liable third parties. Such was not merely a promise to pay the value of medical expenses; it was a promise to pay over specific settlement funds or recovery obtained by Jungnickel.

6. As stated at paragraph #15 of the First Amended Complaint, Jungnickel made a recovery of $900,000 pursuant to a personal injury lawsuit he pursued against the negligent third parties who caused his injuries. At all times relevant and as stated at paragraph #16 of the First Amended Complaint, Jungnickel was on notice of the Plaintiff's reimbursement interest and lien on those specific funds.

7. As stated at paragraph #17 of the First Amended Complaint, the recovery of those funds on the personal injury settlement were considered plan assets and were to be held in trust

for the benefit of the plaintiff. As such, Jungnickel held a fiduciary obligation to the plan to hold the specific res of the recovery and trust until the Plan's interest in it was satisfied from that res.

8. On repeated occasions, Jungnickel admitted to this court orally in open court that the Plaintiff did in fact pay $178,750.85 in accident-related medical expenses on behalf of Jungnickel and that he owed reimbursement to the Plaintiff from the personal injury settlement funds he recovered.

9. Jungnickel admitted in open court and the Court made an express finding that Jungnickel used $334,252.50 of the personal injury lawsuit settlement funds he received to pay off the indebtedness on his then home located at 923 Heathrow Lane, Naperville, Illinois. (See Docket #89, paragraph 4) He also used $43,102.06 the personal injury settlement proceeds to purchase, free and clear of indebtedness, a white 2020 Dodge Ram truck, VIN #3C6MR5AJ5LG117933. *Id.*, also citing Docket #61

10. On March 21,2024, after hearing the parties' positions, this Court entered a preliminary injunction restraining Jungnickel, individually and as trustee of the Trust, from selling, transferring, or encumbering the realty and improvements on the Heathrow Lane property until further order of the Court. (Docket # 33, see also Docket #89)

11. Jungnickel admitted to this Court  that he received a copy of that injunction order and was aware of its contents as of March 21, 2024. (See Docket #89, paragraph 7)

12. Jungnickel has also admitted to the Court that on or about November 12, 2024, he sold the Heathrow Lane property without leave of court or notice to any other party. The court has previously found that the proceeds of that sale received by Eric Jungnickel, individually and as trustee of the Trust, were $402,500.00. (Docket #89, paragraphs 10-12)

13. Rather than pay his obligation to Plaintiff, Jungnickel admitted he used of the proceeds of the sale of his home on Heathrow Lane to purchase another residence located at 15500 E 85th St. N, Benton, Kansas 67017. He was not incompetent by any measure and was able to sell and buy property, and he presented himself in court fully articulate. Further, he did not deny that he understood his obligations. (Docket #89)

14. An admission "at oral argument is a binding judicial admission, the same as any other formal concession made during the course of proceedings." *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002)

15. The Court found Jungnickel in contempt of an order of this Court on May 7, 2025, in which the Court made express findings which included, but were not limited to the following. (1)Jungnickel, individually and as trustee of the Trust, knowingly and intentionally failed to comply with the portion of the preliminary injunction order requiring him to deposit into the registry of the court the amount of at least $178,750.85 from his personal injury settlement proceeds, wherever located. (2) He individually and as trustee of the Trust, knowingly and willfully used proceeds from the sale of the Heathrow Lane property for purposes other than paying his obligation to Plaintiff. (3) The residence located at 15500 E 85th St. N, Benton, Kansas 67017 and the 2020 Dodge Ram truck were purchased with proceeds of the personal injury settlement and are property upon which Plaintiff holds a lien. (4) Such lien attaches to the residence located at 15500 E 85th St. N, Benton, Kansas 67017, the aforementioned Dodge Ram truck, and any remaining proceeds, wherever found.

16. The court also imposed a constructive trust on the aforementioned properties in favor of the Plaintiff. (Docket #89, pp. 3-4)

17. A default order was entered against Eric Jungnickel, individually and as trustee of the Eric Jungnickel Trust Agreement Dated September 20, 2022, on January 29, 2024. (See Docket #20)

18. The basic effect of an entry of default is that the well-pleaded allegations of a complaint relating to liability are taken as true and cannot be contested. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)

19. Jungnickel previously paid only $17,500.00 towards the reimbursement obligation he owes to Plaintiff. Jungnickel's attorneys have paid $50,000.00 towards this obligation, leaving a principal amount due of $111,250.82.

20. Because the allegations of the First Amended Complaint are taken as true by rule, and because Jungnickel has admitted the material allegations in open court, and because the Court has already made express findings in its contempt and injunction orders entered previously, judgment in favor of Plaintiff is appropriate.

21. Pursuant to 29 U.S.C. §1132(g)(1), it is appropriate to assess Plaintiff's attorney's fees against as Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022. Reasonable attorney's fees and costs incurred in obtaining judgment in this matter are: $31,004.00 in reasonable attorney's fees and $972.45 in costs, totaling $31,976.45. (See Exhibit 1, attached hereto and incorporated herein by reference) Such should be part of the judgment against Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022.

22. Prejudgment interest is an essential component of appropriate equitable relief under ERISA section 502(a)(3) because it restores the time value of benefits that were wrongfully withheld. Pursuant to *First National Bank of Chicago v. Standard Bank &*

*Trust*, 172 F.3d 472 (7th Cir. 1999), requiring Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022 to pay prejudgment interest at the average prime rate between September 7, 2022 (date of first refusal to repay reimbursement lien) and the present=7.75%, (www.fedprimerate.com/prime_rate_history-monthly.htm) is appropriate. Prejudgment interest is computed as follows: $111,250.82 x. 0.0775=$8,621.94 / 365=$23.62 x 1,255 (days)= $29,645.30. Therefore, a total judgment of principal and prejudgment interest of $140,896.12 is appropriate.

WHEREFORE, Plaintiff, Fairway Independent Mortgage Corporation as plan administrator for The Fairway Independent Mortgage Corporation Medical Plan, by and through its attorneys Kolb Clare & Arnold PC, and moves this Court for an order of judgment against Eric Jungnickel, personally, and Eric Jungnickel, as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022 (collectively "Jungnickel"), pursuant to F.R.C.P. 12(c) and 55(b)(2) as follows and as more clearly set forth in Plaintiff's proposed judgment order, attached as Exhibit 2, attached hereto:

a. Eric Jungnickel, personally, and Eric Jungnickel, as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022, demonstrated intentional malfeasance in a fiduciary capacity in which they were to hold the personal injury lawsuit proceeds in trust for the benefit of Plaintiff and return said funds upon demand, but instead intentionally spent such funds on themselves, and violated this Court's orders regarding preserving such assets, and have been unjustly enriched in an amount at least $111,250.82 (principal).

6

    i.    Pursuant to *First National Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472 (7th Cir. 1999), requiring Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022 to pay prejudgment interest at the average prime rate between September 7, 2022 (date of first refusal to repay reimbursement lien) and the present=7.75%, ([www.fedprimerate.com/prime_rate_history-monthly.htm](www.fedprimerate.com/prime_rate_history-monthly.htm)) is appropriate. Prejudgment interest is computed as follows: $111,250.82 x. 0.0775 (average prime rate between 9/7/22 and 2/24/26) =$111,250.82 x. 0.0075=$8,621.94 / 365= $23.62 x 1,266 (days)= $29,902.92.

b.  Therefore, a total judgment of principal and prejudgment interest of $141,153.74 is appropriate.

c.  Pursuant to 29 U.S.C. §1132(g)(1), it is appropriate to assess Plaintiff's attorney's fees against as Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022. The Court finds such reasonable attorney's fees to be in the amount of $31,004.00 and $972.45 in costs, and shall be part of the judgment against Eric Jungnickel, individually, and as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022.

d.  Judgment for equitable surcharge against Eric Jungnickel, personally, and Eric Jungnickel, as trustee of The Eric Jungnickel Trust Agreement Dated September 20, 2022, should be entered in the amount of $173,130.19 (includes principal, prejudgment interest, and attorney's fees, per *Cigna v. Amara*, 563 U.S. 421 (2011); *Kenseth v Dean Health Plan Inc*. 722 F.3d 869 (7th Cir. 2013)

e.  The Court imposes an equitable lien and constructive trust on the realty located at 15500 E 85th St. N, Benton, Kansas 67017 in favor of Fairway Independent Mortgage

Corporation as plan administrator for The Fairway Independent Mortgage Corporation Medical Plan in the amount of $173,130.19 with Fairway Independent Mortgage Corporation as plan administrator for The Fairway Independent Mortgage Corporation Medical Plan to have a first and priority right on said realty and its improvements, superior to all others, to the extent of $173,130.19. Such lien and constructive trust is also imposed on the 2020 Dodge Ram truck, VIN #3C6MR5AJ5LG117933 for the benefit of Plaintiff.

Respectfully submitted,

KOLB CLARE & ARNOLD PC

By: *Bradley M. Arnold*

Bradley M. Arnold
Kolb Clare & Arnold PC
1110 W. Lake Cook Road, Suite #150
Buffalo Grove, Il 60089
(T) 630-550-5228
(F) 844-557-4329
barnold@kcalegal.com